**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**FREDERICK BELL**                                                                                       **PETITIONER**

**V.**                                        **CIVIL ACTION NO.: 3:04CV212-B**

**CHRISTOPHER EPPS, ET AL.**                                                      **RESPONDENTS**

## **MEMORANDUM OPINION**

Frederick Bell, Petitioner, was convicted of capital murder and sentenced to death for the May 6, 1991, murder of Robert C. ("Bert") Bell in Grenada County, Mississippi. After his direct appeal and state post-conviction application failed to provide Petitioner with relief, he sought a writ of habeas corpus, which was denied by this Court on June 20, 2008. *See Bell v. Epps*, Cause No. 3:04-CV-00212, 2008 WL 2690311 (N.D. Miss. June 20, 2008). Petitioner now seeks a Certificate of Appealability ("COA") pursuant to 28 U.S.C. § 2253(c) from the denial of several claims raised in his petition. Petitioner seeks a COA on his claims of (1) ineffective assistance of counsel; (2)the trial court's improper denial of his challenges for cause during jury selection; (3) the trial court's prohibition of impeaching Frank Coffey for bias; (4) erroneous jury instructions; (5) prosecutorial misconduct during closing argument at the guilt phase; (6) a biased jury pool; (7) the denial of a lesser-included offense instruction; (8) a disproportionate penalty; and (9) the trial court's failure to instruct the jury as to Petitioner's parole eligibility.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Petitioner must obtain a COA to take an appeal from a final order denying his federal habeas petition. *See* Title 28 U.S.C. § 2253(c)(1)(A). Petitioner is entitled to a COA upon "a substantial showing of the denial of a constitutional right," which may be made by demonstrating that the application

involves claims that are debatable among jurists of reason, or that the claims are valid to deserve encouragement in further proceedings. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Claims that have been rejected on their merits require Petitioner to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If the claim has been rejected on procedural grounds, Petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. The inquiry made by this Court is limited to the underlying merits of Petitioner's claims after generally assessing their merits. *See Miller-El*, 537 U.S. at 336. "The question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Id.* at 342.

Doubts regarding whether a COA should be granted are resolved in favor of Petitioner, with the Court taking into consideration that Petitioner has been sentenced to death. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000), *cert. denied*, 531 U.S. 849 (2000); *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000) (court resolves doubts in favor of petitioner in death penalty cases). However, "the severity of the penalty" itself is not sufficient to automatically issue the certificate. *Washington v. Johnson*, 90 F.3d 945, 949 (5th Cir. 1996), *cert. denied*, 520 U.S. 1122 (1997).

Although Petitioner need not prove that he is entitled to relief under the AEDPA in order to obtain a COA, the consideration of his claims must be limited by the deferential standard of review under the AEDPA. *See, e.g., Miller-El*, 537 U.S. at 337-38. The issue is not whether reasonable jurists would disagree with the Court's analysis or resolution of the merits of

Petitioner's claims, but rather, whether the Court's application of deference under the AEDPA to the State court decision is debatable among jurists of reason. *See Medelin v. Dretke*, 371 F.3d 270, 275 (5th Cir. 2004) (issue in COA inquiry is whether court's application of deference entitles petitioner to a COA).

This Court did not choose to address, *sua sponte*, the matter of a COA in determining the merits of Petitioner's federal habeas petition, though the Court's decision regarding the instant application is based upon the reasons set forth in that opinion. In the instant application, Petitioner merely rehashes the claims made during his federal habeas proceedings without addressing the Court's application of the law to his claims. Petitioner has incorporated by reference the approximately two hundred and twenty-six page memorandum he filed in support of his petition for writ of habeas corpus in an attempt to demonstrate his entitlement to a COA. (COA Mot. 2). The Court has thoroughly considered and discussed the arguments raised in the petition for writ of habeas corpus, and it will not here recite its opinion denying Petitioner federal habeas relief in order to dispose of the instant motion. Therefore, the Court will address the issues raised in the instant motion only to the extent necessary to clarify whether particular issues are certified for appeal. The Court now turns to Petitioner's claims in support of his application.

## I. Ineffective Assistance of Counsel

A. Appointment of One Attorney

Petitioner argues that a COA should issue as his trial counsel was unqualified to defend a death penalty case, and that two attorneys should have been appointed to represent him under the

American Bar Association's Guidelines for the Appointment and Performance of Counsel in Death Penalty Cases ("Guidelines"). (COA Mot. 2). The Court held this claim procedurally barred and discussed the merits alternatively. *See Bell*, 2008 WL 2690311 at * 10. As the claim was denied on procedural grounds, a COA issues only if it is demonstrated that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of a constitutional right **and** that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added). Petitioner does not even note the Court's procedural ruling in the instant motion, and the Court determines that it is not debatable that this claim, having never been presented to a State court for review, is barred.

B. Failure to Investigate Alibi

Petitioner maintains that a COA should issue on his claim that trial counsel failed to interview and/or subpoena multiple witnesses who could have testified to Petitioner's presence in Memphis, Tennessee, at the time of the murder. (COA Mot. 3-4). This Court held Petitioner's claim barred from federal habeas review, as Petitioner failed to present the State courts with the statements and affidavits of the allegedly available witnesses, thereby depriving the State courts of the opportunity to assess the credibility of the affidavits and make a determination as to the evidence's effect on Petitioner's conviction and sentence. *See Bell*, 2008 WL 2690311 at *15. In its opinion, the Court noted that Petitioner did not argue that the newly presented evidence merely supplemented the claim raised in State court, nor does he raise that claim in the instant motion. *See id.* at n.16. However, the Court determines that the correctness of its procedural

4

ruling is debatable among jurists of reason, and it is debatable whether the petition states a valid claim of the denial of a constitutional right with regard to trial counsel's failure to investigate and present witnesses. Therefore, a COA shall issue on this claim.

C. Jury Selection

Petitioner maintains that a COA should issue based on trial counsel's ineffective assistance during jury selection. Petitioner reasserts claims that trial counsel failed to (1) request that a questionnaire be sent to prospective jurors; (2) raise and litigate racial discrimination in the jury selection process; (3) present argument in support of his motion for a sequestered voir dire; (4) conduct an adequate voir dire of the panel; and (5) strike jurors for cause after they voiced their uncertainty about their ability to be fair. (COA Mot. 4-5).

The Court held Petitioner's claim regarding trial counsel's failure to request questionnaires be sent to prospective jurors barred from federal habeas review, and it alternatively found that a consideration of the merits of this claim would not provide Petitioner with relief. *See Bell,* 2008 WL 2690311 at *21. Petitioner does not address the Court's procedural ruling in the instant motion, and he has failed to demonstrate that this claim states a valid claim of the denial of a constitutional right.

Petitioner asserts that he is entitled to a COA based on his claim that trial counsel rendered ineffective assistance in waiving objections under *Batson v. Kentucky*, 476 U.S. 79 (1986), a claim on which the Court denied relief. Based upon the reasoning set forth in the Court's disposition of this claim in its opinion denying relief, the Court determines that its

5

resolution of this claim is not debatable among jurists of reason, and this issue is not deserving of further encouragement. *See Bell*, 2008 WL 2690311 at \*\*21-22.

In its opinion denying federal habeas relief, the Court rejected Petitioner's claim that trial counsel rendered ineffective assistance in failing to present an argument in support of his motion for an individualized, sequestered voir dire. *See Bell*, 2008 WL 2690311 at \*26. The Court determines that its assessment of Petitioner's claim is neither debatable among jurists of reason, nor is the issue deserving of further encouragement based upon the reasoning set forth in the Court's memorandum opinion. *See id.*

The Court rejected Petitioner's claim that trial counsel rendered ineffective assistance in failing to adequately voir dire the venire during jury selection. *See Bell*, 2008 WL 2690311 at \*26. The Court determines that its assessment of Petitioner's claim is neither debatable among jurists of reason, nor is the issue deserving of further encouragement for the reasons set forth in its memorandum opinion. *See id.*

The Court rejected Petitioner's claim that trial counsel rendered ineffective assistance in failing to attempt to rehabilitate those jurors expressing reticence to impose the death penalty. *See Bell*, 2008 WL 2690311 at \*27. The Court determines that its conclusion is neither debatable among jurists of reason, nor is the issue deserving of further encouragement for the reasons set forth in its memorandum opinion. *See id.*

Finally, the Court rejected Petitioner's argument that trial counsel rendered ineffective assistance in failing to attempt to remove for cause jurors with ties to the victim's family and/or

law enforcement. *See Bell*, 2008 WL 2690311 at *28. The Court determines its assessment of Petitioner's claim is neither debatable among jurists of reason, nor is the issue deserving of further encouragement for the reasons set forth in its memorandum opinion. *See id.*

D. Failure to Impeach Key Prosecution Witness

Petitioner argues that a COA should issue on his claim that trial counsel rendered ineffective assistance in failing to object to the suggestive procedure used to secure Robert James' identification of Petitioner. (COA Mot. 6). The Court held Petitioner's claim barred. *See Bell*, 2008 WL 2690311 at * 31. As Petitioner has never presented the State court with this claim, the Court determines it is not debatable that this claim is barred. The Court also determines that is not debatable that the petition states a valid claim of the denial of a constitutional right based upon reasoning as set forth in the Court's memorandum opinion. *See id.* at *15, *31.

E. Failure to Object to Irrelevant, Prejudicial Evidence

Petitioner contends that a COA should issue on his claim that trial counsel rendered ineffective assistance in stipulating to the introduction of a .25 caliber pistol at trial, as no evidence was presented at trial that the pistol was connected to the murder of Bert Bell. (COA Mot. 6). The Court determines that its assessment in denying Petitioner relief on this claim is not debatable among jurists of reason, nor is the issue deserving of further encouragement for the reasons set forth in the Court's opinion. *See Bell*, 2008 WL 2690311 at **31-32.

F. Sentencing Phase

In his motion for a COA, Petitioner presents a litany of briefly-alleged errors to argue counsel's ineffectiveness. Petitioner claims that trial counsel failed to secure a limited continuance in order to prepare his case in mitigation. (COA Mot. 6). He also alleges that trial counsel failed to (1) exclude inapplicable aggravating circumstances; (2) conduct an effective investigation; (3) present witnesses with knowledge of Petitioner's possible mental retardation; and (4) notify Petitioner's family members about the trial. (COA Mot. 6).

The Court determined that Petitioner was not entitled to relief on any of his claims of trial counsel's ineffectiveness during the sentencing phase of his trial. *See Bell*, 2008 WL 2690311 at **35-45. The Court determines that its conclusions regarding trial counsel's investigation and presentation of evidence is debatable among jurists of reason, and a COA shall issue as to that narrow portion of this claim. The Court determines that its conclusions regarding trial counsel's failure to seek a continuance or attempt to exclude aggravating circumstances is neither debatable nor deserving of further encouragement for the reasons set forth in the memorandum opinion. *See id.* at 35-37.

## II. Challenges for Cause

Petitioner maintains that the trial court erroneously refused to strike five jurors for cause, thereby reducing the total number of peremptory challenges available for Petitioner's use to achieve an impartial jury. (COA Mot. 7). The Court finds that its conclusion as to this claim is not debatable among jurists of reason, nor is the issue deserving of further encouragement for the

8

reasons set forth in its memorandum opinion. *See Bell*, 2008 WL 2690311 at **52-54.

### III. Frank Coffey

Petitioner argues that a COA should issue on his claim that the trial court improperly prohibited him from impeaching the credibility of Frank Coffey at trial. (COA Mot. 8). The Court determined that Petitioner was not entitled to federal habeas relief on this claim. *See Bell*, 2008 WL 2690311 at **57-59. The Court finds that its conclusion is not debatable, nor is this issue deserving of further encouragement for the reasons set forth in the Court's memorandum opinion. *See id.*

### IV. Jury Instructions and Findings

Petitioner argues that a COA should issue on his claim that the jury instructions in this case allowed him to be convicted of capital murder if the jury found he did anything "connected with" the crime. (COA Mot. 9). The Court finds that its assessment of this claim is not debatable among jurists of reason, nor does it find that this issue is deserving of further encouragement for the reasons set forth in the Court's opinion. *See Bell*, 2008 WL 2690311 at **62-63.

### V. Prosecutorial Misconduct During Closing Argument at Guilt Phase

Petitioner maintains the prosecutor "repeatedly argued facts not in evidence, his personal opinion of Petitioner's guilt, and he vouched for the credibility of the witnesses" at trial. (COA Mot. 10). This Court held Petitinoer's claim barred on federal habeas review. *See Bell*, 2008 WL 2690311 at *65. Petitioner does not address the Court's procedural ruling. The Court

9

alternatively considered the merits of Petitioner's claim and determined that relief was not warranted. *See id.* at \*\* 70-72. The Court determines that Petitioner has not stated a valid claim of a constitutional right or demonstrated that the correctness of the Court's procedural ruling is debatable.

## VI. Biased Jury Pool and Jury

Petitioner argues that "[a]pproximately 39 percent of the jury pool had ties to the victim, to his family or both. In addition, of the 12 jurors who served on the jury, some had close ties to the victim and were biased and had personal knowledge of the case." (COA Mot. 11). The Court found this claim barred. *See Bell v. Epps*, 2008 WL 2690311 at \*73. Petitioner does not address the Court's procedural ruling in the instant motion. In its memorandum opinion, the Court engaged in an alternative discussion of the merits and determined Petitioner had not demonstrated an entitlement to relief absent the bar. *See id.* at \*\*26-27, \*74. The Court determines that Petitioner has not stated a valid claim of a constitutional right or demonstrated that the correctness of the Court's procedural ruling is debatable.

## VII. Lesser-Included Offense Instruction

Petitioner contends that he is entitled to a COA on his claim that he was entitled to a "simple" murder instruction. (COA Mot. 11). The Court determined this claim was barred, and it alternatively rejected the merits of Petitioner's claim. *See Bell v. Epps*, 2008 WL 2690311 at \*89. Petitioner fails to address the Court's procedural ruling in the instant motion. The Court determines that Petitioner has not stated a valid claim of a constitutional right or demonstrated

that the correctness of the Court's procedural ruling is debatable.

## VIII.  Disproportionate Penalty

In his motion for a COA, Petitioner argues that the death penalty is disproportionate as applied to him. (COA Mot. 11). The Court concludes that this issue is neither deserving of further encouragement nor debatable among jurists of reason for the reasons set forth in its memorandum opinion. *See Bell v. Epps*, 2008 WL 2690311 at \*\*63-64.

## IX.  Parole Eligibility

Petitioner maintains that as he was already serving a sentence for murder in Tennessee at the time of his trial for the murder of Bert Bell, the jury should have been told that Petitioner would not be paroled until he had served his Tennessee sentence. (COA Mot. 11). The Court found this claim barred and alternatively rejected the merits of the claim. *See Bell*, 2008 WL 2690311 at \*79. Petitioner does not address the Court's procedural ruling in the instant motion.. The Court determines that Petitioner has not stated a valid claim of a constitutional right or demonstrated that the correctness of the Court's procedural ruling is debatable.

## Conclusion

The Court **GRANTS** a Certificate of Appealability with regard to the narrow issues of whether trial counsel rendered ineffective assistance in investigating and presenting evidence during the guilt and sentencing portions of trial. The Court determines that Petitioner has failed to make a substantial showing of the denial of a constitutional right with regard to the remaining claims in the motion, and a Certificate of Appealability as to the remaining claims is **DENIED**.

A separate order in accordance with this opinion shall issue this day.

**THIS** the 12th day of August, 2008.

/s/ Neal Biggers

_____
**NEAL B. BIGGERS
SENIOR U.S. DISTRICT JUDGE**